IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| EDDIE LEE GADDIS, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv19 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION REGARDING VENUE

Eddie Lee Gaddis, Jr., an inmate confined in the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff complains about not receiving proper medical care.[1]

Analysis

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district or division where the defendants reside or in which the claim arose.

Plaintiff complains of events which occurred at the Eastham Unit. The Eastham Unit is located in Houston County, Texas. Plaintiff's claim therefore arose in Houston County. Pursuant

---

[1] Plaintiff included his civil rights claim as part of a petition for writ of habeas corpus. The court severed the civil rights claim, which was assigned the civil action number set forth above.

to 28 U.S.C. § 124, Houston County is located in the Eastern District of Texas. As a result, venue is proper in this court.

However, while Houston County is in the Eastern District of Texas, it is in the Lufkin Division of this district, rather than the Beaumont Division. When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Accordingly, this case will be transferred to the Lufkin Division of this court. A Transfer Order shall be entered in accordance with this Memorandum Opinion.

SIGNED this 22nd day of January, 2013.

_____
Zack Hawthorn
United States Magistrate Judge